JASON D. RUSSELL (CA 169219)
Jason.Russell@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
2000 Avenue of the Stars, Suite 200N
Los Angeles, California 90067
Telephone:    (213) 687-5000
Facsimile:    (213) 687-5600

STEPHANIE SHERIDAN (CA 135910)
ssheridan@beneschlaw.com
MEEGAN B. BROOKS (CA 298570)
mbrooks@beneschlaw.com
NICOLETTE SHAMSIAN (CA 341466)
nshamsian@beneschlaw.com
BENESCH, FRIEDLANDER, COPLAN
   & ARONOFF LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:    (628) 600-2250
Facsimile:    (628) 221-5828

OF COUNSEL:
MICHAEL W. MCTIGUE JR.
Michael.McTigue@skadden.com
MEREDITH C. SLAWE
Meredith.Slawe@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
   & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:    (212) 735-3000
Facsimile:    (212) 735-2000

*Attorneys for Defendant Best Buy Co., Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

LEROY PORCHIA, *et al.*,

        Plaintiffs,

        v.

BEST BUY CO., INC.,

        Defendant.

Case No.: 3:25-cv-00134-TLT

**DEFENDANT BEST BUY CO., INC.'S NOTICE OF MOTION AND MOTION TO TRANSFER CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**FILED UNDER SEPARATE COVER:**

**(1) DECLARATION OF JASON D. RUSSELL IN SUPPORT; (2) DECLARATION OF JESSICA THORESON IN SUPPORT; (3) DECLARATION OF CHAD STUTZMAN IN SUPPORT; and (4) [PROPOSED] ORDER.**

Hearing Date:   November 18, 2025
Hearing Time:   2:00 p.m.
Judge:        Hon. Trina L. Thompson
Compl. Filed:    January 6, 2025

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 18, 2025, at 2 p.m., or as soon thereafter as the matter may be heard, before the Honorable Trina L. Thompson of the United States District Court for the Northern District of California, in Courtroom 9 of the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Defendant Best Buy Co., Inc. ("Best Buy") will, and hereby does, move for an order transferring this action to the United States District Court for the District of Minnesota.

This motion is based on 28 U.S.C. § 1404, because Best Buy is headquartered in Minnesota and the majority of party witnesses and all of the known non-party witnesses and evidence are located there, meaning that transfer of this action is in the interests of justice and for the convenience of the parties and witnesses.

This motion is further based upon this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the Declaration of Jason Russell ("Russell Decl."), the Declaration of Jessica Thoreson ("Thoreson Decl."), the Declaration of Chad Stutzman ("Stutzman Decl."), any oral argument heard by the Court, and such other matters as the Court may consider.[1]

DATED: July 14, 2025

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


By:_____*/s/ Jason D. Russell*_____
Jason D. Russell
*Attorney for Defendant Best Buy Co., Inc.*

---

[1] This motion also incorporates by reference the Supplemental Declaration of Mike Wang ("Wang Suppl. Decl."), the Supplemental Declaration of Daniel Poplau ("Poplau Suppl. Decl."), and the Supplemental Declaration of Angela Mattox ("Mattox Suppl. Decl."), each submitted concurrently with Best Buy's reply in support of its Motion to Compel Arbitration, as they contain facts also relevant to the issues addressed here.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................... iv

PRELIMINARY STATEMENT ..........................................................................1

BACKGROUND ................................................................................................2

LEGAL STANDARDS .......................................................................................4

ARGUMENT ......................................................................................................6

I.    THIS ACTION COULD HAVE BEEN BROUGHT IN THE DISTRICT OF MINNESOTA, AND THEREFORE MAY BE TRANSFERRED TO THAT DISTRICT..................................................................................................6

II.   THE INTERESTS OF JUSTICE FAVOR TRANSFER HERE......................7

    A.    The Weight Given To Plaintiffs' Choice Of Forum Is Discounted In These Circumstances ..........................................................................7

    B.    The "Local Interest" Factor Favors Transfer Because The Action Concerns National Policies That Originated In Minnesota .................9

    C.    The Ease Of Access To Evidence And Relative Costs Of Litigation In The Two Forums Favor Transfer ...............................................11

    D.    The Parties' Contacts With The Forum Favor Transfer .......................11

    E.    The Court Congestion Factor Favors Transfer To Minnesota...............12

    F.    The Possibility Of Consolidation With Other Claims Slightly Favors Transfer ...............................................................................13

    G.    Numerous Putative Class Members Are Bound By A Forum Selection Clause Requiring Them To Resolve Disputes In The Minnesota Court .............13

    H.    Courts In Minnesota Can Capably Apply California Law To Plaintiffs' Claims ...............................................................................14

III.  THE CONVENIENCE FACTORS ALSO STRONGLY FAVOR TRANSFER.............15

    A.    The Convenience Of The Parties And Party Witnesses Warrant Transfer............16

    B.    The Convenience Of Third-Party Witnesses And The Availability Of Compulsory Process Strongly Favor Transfer........................................17

IV.  BECAUSE THE CLAIMS ASSERTED BY PLAINTIFFS KAYE AND LAMOREE DO NOT BELONG IN THIS VENUE, AND MINNESOTA IS THE ONLY FORUM WHERE ALL PLAINTIFFS' CLAIMS CAN BE LITIGATED, THE ACTION SHOULD BE TRANSFERRED................................................18

    A.    Venue Does Not Lie In This District Under Section 1391(b)(1)...........................19

B.     Venue Does Not Lie Under §§ 1391(b)(2) Or 1391(b)(3)....................................20

C.     The Court Should Transfer This Action To The District Of Minnesota................21

CONCLUSION..............................................................................................................................22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Action Embroidery Corp. v. Atlantic Embroidery, Inc.*,
  368 F.3d 1174 (9th Cir. 2004) ..................................................................................5, 18

*Adam v. Barone*,
  No. 20-cv-00761-EMC, 2020 WL 4584182 (N.D. Cal. Aug. 10, 2020) ......................10

*Aimone v. Investorflow LLC*,
  No. 23-cv-00118-DMR, 2023 WL 3483287 (N.D. Cal. May 15, 2023) ......................13

*A.J. Industries, Inc. v. United States District Court for Central District of California*,
  503 F.2d 384 (9th Cir. 1974) .......................................................................................5

*Albertson v. Monumental Life Insurance Co.*,
  No. C-08-05441 RMW, 2009 WL 3870301 (N.D. Cal. Nov. 16, 2009) .......................4

*Allegiance Healthcare Corp. v. London International Group, PLC*,
  No. C 97-4619 SC, 1998 WL 328624 (N.D. Cal. June 17, 1998) ...............................4

*Ambriz v. Coca Cola Co.*,
  No. 13-cv-03539-JST, 2014 WL 296159 (N.D. Cal. Jan. 27, 2014) ..........................19

*Amity Rubberized Pen Co. v. Market Quest Group Inc.*,
  793 F.3d 991 (9th Cir. 2015) ....................................................................................21

*Atlantic Marine Construction Co. v. United States District Court for Western District of Texas*,
  571 U.S. 49 (2013)..............................................................................................13, 14

*BioSpyder Technologies, Inc. v. HTG Molecular Diagnostics, Inc.*,
  No. 5:20-cv-05607-EJD, 2021 WL 242866 (N.D. Cal. Jan. 25, 2021) ......................16

*Boyd v. Target Corp.*,
  750 F. Supp. 3d 999 (D. Minn. 2024)......................................................................1, 14

*Bride v. Snap Inc.*,
  No. 21-cv-03473-JD, 2021 WL 3493662 (N.D. Cal. Aug. 9, 2021) ..........................16

*Brown v. Abercrombie & Fitch Co.*,
  No. 4:13-CV-05205 YGR, 2014 WL 715082 (N.D. Cal. Feb. 14, 2014)......................8

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).................................................................................................19

*Burgess v. HP, Inc.*,
  No. 16-CV-04784-LHK, 2017 WL 467845 (N.D. Cal. Feb. 3, 2017)..........................8

*Bussen v. WestPark Capital Financial Services, LLC*,
    No. CV 14-6609 PSG, 2014 WL 11512591 (C.D. Cal. Dec. 4, 2014) ........................17

*Cohn v. Oppenheimerfunds, Inc.*,
    No. 09cv1656-WQH-BLM, 2009 WL 3818365 (S.D. Cal. Nov. 12, 2009) ....................9

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ........................................................................................................19

*Estrella v. Freedom Financial Network, LLC*,
    No. SACV09-0189 DOC, 2009 WL 10678991 (C.D. Cal. July 9, 2009) ....................15

*Freeman v. Apple, Inc.*,
    No. 3:23-cv-02426-WHO, 2023 WL 5110926 (N.D. Cal. Aug. 9, 2023) ......................5

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915 (2011) ........................................................................................................19

*Greben v. Cinmar, LLC*,
    No. 2:24-cv-10140-MRA-BFM, 2025 WL 1765916 (C.D. Cal. May 30, 2025) ...........9, 11, 16

*Hawkins v. Gerber Products Co.*,
    924 F. Supp. 2d 1208 (S.D. Cal. 2013) ...........................................................................8

*Heartland Payment Systems, Inc. v. Verifone Israel Ltd.*,
    No. C 10–0654 MHP, 2010 WL 1662478 (N.D. Cal. Apr. 22, 2010) .........................13

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) ..........................................................................................................4

*Hope v. Lunarlandowner.com, Inc.*,
    No. 2:20-cv-01783-TLN-DB, 2022 WL 597579 (E.D. Cal. Feb. 28, 2022) ..................7

*Howards v. Fifth Third Bank*,
    No. CV 18-01963 DDP, 2018 WL 7890667 (C.D. Cal. Dec. 7, 2018) ..........................2

*In re HP Inc.*,
    No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ......................................17

*Hyundai Space & Aircraft Co. v. Boeing Co.*,
    No. C 99-3255 SI, 1999 WL 910131 (N.D. Cal. Oct. 12, 1999) ...................................4

*Johnson v. Law*,
    19 F. Supp. 3d 1004 (S.D. Cal. 2014) ...........................................................................18

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ...........................................................................................5

*Jovel v. i-Health, Inc.*,
    No. CV 12–05526 DDP, 2012 WL 5470057 (C.D. Cal. Nov. 8, 2012) .......................17

*Key v. Sprout Foods, Inc.*,
  No. 21-cv-02391-VC, 2021 WL 4061735 (N.D. Cal. Sept. 7, 2021) ........................................12

*Kitzler v. Nelnet Servicing, LLC*,
  No. CV 22-6550-MWF, 2022 WL 18284983 (C.D. Cal. Nov. 1, 2022) ...................................14

*LaGuardia v. Designer Brands, Inc.*,
  No. 19cv1568 JM(BLM), 2020 WL 2463385 (S.D. Cal. May 7, 2020) ............................ passim

*Lenk v. Semiconductor Component Industries, LLC*,
  No. 20-cv-08099-EJD, 2021 WL 3616769 (N.D. Cal. Aug. 16, 2021)......................................9

*Lewis v. Southwest Airlines Co.*,
  No. 16-cv-00749-JCS, 2016 WL 3091998 (N.D. Cal. June 2, 2016) .......................................9

*Lopez v. BeavEx, Inc.*,
  No. C 15-00550 JSW, 2015 WL 2437907 (N.D. Cal. May 20, 2015)...............................16, 17

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) ...................................................................................................8

*Metz v. U.S. Life Co. in N.Y.C.*,
  674 F. Supp. 2d 1141 (C.D. Cal. 2009) .........................................................................7, 8, 15

*Meza v. Procter & Gamble Co.*,
  No. EDCV 23-91 JGB, 2023 WL 3267861 (C.D. Cal. Apr. 27, 2023) ....................10, 11, 12, 15

*Miller v. Hambrick*,
  905 F.2d 259 (9th Cir.1990) ..................................................................................................21

*Mina v. Red Robin International, Inc.*,
  No. CV 18-9472 PSG, 2020 WL 4037163 (C.D. Cal. Mar. 3, 2020).....................................16

*Montenegro v. Johnson & Johnson Consumer, Inc.*,
  No. 2:24-CV-01895-SB-BFM, 2024 WL 4720925 (C.D. Cal. Sept. 16, 2024) ........................14

*Moreno v. Johnson & Johnson Consumer Inc.*,
  No. 2:21-cv-02666-AB-PVC, 2021 WL 12302429 (C.D. Cal. Oct. 5, 2021) ..................... passim

*Nanografix Corp. v. Pollard Banknote Ltd.*,
  No. CV 18-6735-GW(RAOx), 2019 WL 2240439 (C.D. Cal. Feb. 28, 2019)...........................16

*Navarro v. Target Corp.*,
  No. 1:24-cv-00280-JLT-SAB, 2024 WL 4668049 (E.D. Cal. Nov. 4, 2024), *report and
  recommendation adopted in part, rejected in part*, 2025 WL 986949 (E.D. Cal. Apr. 2,
  2025) ............................................................................................................................. passim

*In re Nissan North America, Inc. Litigation*,
  No. 18-cv-07292-HSG, 2019 WL 4601557 (N.D. Cal. Sept. 23, 2019).....................18, 19, 20, 21

*Park v. Dole Fresh Vegetables, Inc.*,
    964 F. Supp. 2d 1088 (N.D. Cal. 2013) ..................................................................5, 7, 11

*Piedmont Label Co. v. Sun Garden Packing Co.*,
    598 F.2d 491 (9th Cir. 1979) ...........................................................................................5

*Rabinowitz v. Samsung Electronics America, Inc.*,
    No. 14-cv-00801-JCS, 2014 WL 5422576 (N.D. Cal. Oct. 10, 2014) ......................9, 17

*Rio Properties, Inc. v. Rio International Interlink*,
    284 F.3d 1007 (9th Cir. 2002) ......................................................................................19

*Romoff v. Johnson & Johnson Consumer Inc.*,
    No. 22cv75-LL-WVG, 2022 WL 3905301 (S.D. Cal. Aug. 26, 2022) .........................15

*S & J Rentals, Inc. v. Hilti, Inc.*,
    No. 2:16-cv-00879-MCE-KJN, 2017 WL 1153042 (E.D. Cal. Mar. 28, 2017) .............2

*Saleh v. Titan Corp.*,
    361 F. Supp. 2d 1152 (S.D. Cal. 2005) ...................................................................15, 17

*Sanchez v. Centene Corp.*,
    No. CV 16-08469 AB (AGRx), 2017 WL 11496768 (C.D. Cal. Mar. 1, 2017) ...........11

*Sanchez Mora v. U.S. Customs & Border Protection*,
    No. 3:24-cv-02430-TLT, 2024 WL 5378335 (N.D. Cal. Nov. 4, 2024) ...........6, 7, 18, 22

*Sandys v. Willard*,
    Nos. 20-cv-05480-PJH et seq., 2021 WL 1091919 (N.D. Cal. Mar. 22, 2021) ...........16

*Saravia v. Sessions*,
    280 F. Supp. 3d 1168 (N.D. Cal. 2017), *aff'd*, 905 F.3d 1137 (9th Cir. 2018) .............5

*Saunders v. USAA Life Insurance Co.*,
    71 F. Supp. 3d 1058 (N.D. Cal. 2014) .........................................................................14

*Summa Resource Holdings LLC v. Carbon Energy Ltd.*,
    No. 15-cv-05334-THE, 2016 WL 2593868 (N.D. Cal. May 5, 2016)...........................12

*Sun v. Advanced China Healthcare, Inc.*,
    901 F.3d 1081 (9th Cir. 2018) ......................................................................................13

*SVV Technology Innovations, Inc. v. Acer Inc.*,
    Nos. 6:22-CV-639-ADA et seq., 2023 WL 2764765 (W.D. Tex. Apr. 3, 2023)...........18

*Trueforce Global Services, Inc. v. TruEffect, Inc.*,
    No: C 20-0080 SBA, 2020 WL 11231812 (N.D. Cal. June 1, 2020) .............................4

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964).......................................................................................................4

*Van Meter v. Mondelez International, Inc.*,
    No. 24-cv-00565-AMO, 2025 WL 875391 (N.D. Cal. Mar. 18, 2025)............................8

*Vasseur v. Johnson & Johnson Consumer, Inc.*,
    No. 2:24-cv-07487-MCS-BFM, 2025 WL 576548 (C.D. Cal. Feb. 12, 2025)..............10

*Walters v. Famous Transports, Inc.*,
    488 F. Supp. 3d 930 (N.D. Cal. 2020) ...............................................................5, 9, 14

*Williams v. Bowman*,
    157 F. Supp. 2d 1103 (N.D. Cal. 2001) ...............................................................7

*In re Yahoo! Inc.*,
    Nos. CV 07–3125 CAS (FMOx) et seq., 2008 WL 707405 (C.D. Cal. Mar. 10, 2008).................9

*Yuen v. IDEXX Laboratories, Inc.*,
    No. 22-cv-04297-TLT, 2022 WL 22894430 (N.D. Cal. Nov. 14, 2022) ......................9

**STATUTES**

28 U.S.C. § 1391(b) ...............................................................................................5, 18

28 U.S.C. § 1391(b)(2) .............................................................................................20

28 U.S.C. § 1391(b)(3) .............................................................................................20

28 U.S.C. 1404 ..........................................................................................................i

28 U.S.C. § 1404(a) .........................................................................................4, 6, 21

28 U.S.C. § 1406(a) .......................................................................................... passim

28 U.S.C. § 1631 .......................................................................................................21

Minn. Stat. § 325F.67 ...............................................................................................14

Minn. Stat. §§ 325D.43–325D.48 .............................................................................15

Minn. Stat. §§ 325F.68–325F.70 .............................................................................14

**RULE**

Fed. R. Civ. P. 45(c)(1)............................................................................................16

## PRELIMINARY STATEMENT

1

2    This action belongs in the U.S. District Court for the District of Minnesota.[2] Minnesota is the

3    center of gravity for this lawsuit—just as it is for a near-identical suit recently brought by Plaintiffs'

4    counsel in Oregon, which Best Buy is also moving to transfer to the District of Minnesota. Plaintiffs'

5    claims relate to pricing and sales information included on Best Buy's nationally available website and

6    retail price placards. Best Buy and its employees—whose testimony about pricing and advertising

7    information will be material to this case—are based in Hennepin County, Minnesota. Best Buy's former

8    employees are also based in Minnesota. If these non-party witnesses will attend trial voluntarily, then their

9    convenience is the most important factor to consider in deciding whether to transfer the case. And if these

10   non-party witnesses are *not* willing to attend trial voluntarily—as must be assumed—this Court lacks

11   subpoena power over them, meaning that key evidence may be unavailable if this action is not transferred.

12   Courts in this Circuit regularly transfer putative class actions where, as here, the defendant is

13   headquartered in the other forum and the majority of witnesses and evidence are located there. In this

14   action, (i) Plaintiffs' Complaint could have originally been filed in the District of Minnesota; (ii) Plaintiffs'

15   choice to file in this District is accorded little deference given that the operative facts occurred in

16   Minnesota, two of the Plaintiffs do not reside in this District, and the putative class as defined includes

17   residents of other states; (iii) litigating in the District of Minnesota is more convenient for both Best Buy

18   and the putative members of Plaintiffs' nationwide class, given that the relevant witnesses, documents,

19   and facts underlying the claims are located in or near Best Buy's headquarters in Minnesota and not in

20   California; (iv) Minnesota has a stronger interest than California in hearing disputes involving Minnesota

21   businesses and (potentially) Minnesota class members; and (v) at least one plaintiff and numerous class

22   members are bound by a forum-selection clause requiring them to litigate disputes in Minnesota.

23   The District of Minnesota is amply capable of adjudicating the California statutory claims brought

24   by Plaintiffs here. *See, e.g.*, *Boyd v. Target Corp.*, 750 F. Supp. 3d 999, 1020 (D. Minn. 2024) (analyzing

25   the same three statutory claims asserted here in context of a class action); *Navarro v. Target Corp.*, 2024

26   WL 4668049, at *3 (E.D. Cal. Nov. 4, 2024), *report and recommendation adopted in part, rejected in*

27
28   [2]    Best Buy has moved to compel arbitration. *See* Dkt. No. 22. Best Buy respectfully requests that
     the Court decide this Motion before addressing Best Buy's Motion to Compel Arbitration so that the
     question of arbitration is decided by, and any necessary follow-on proceedings are conducted in, the proper
     forum.

1  *part*, 2025 WL 986949 (E.D. Cal. Apr. 2, 2025) (transferring putative consumer class action with the same

2  statutory claims to the District of Minnesota, where defendant is headquartered). Thus, transfer will not

3  prejudice Plaintiffs' legal rights, and will ensure that litigation proceeds in a manner that is convenient

4  and fair to the parties and the Court.

5      Moreover, because Best Buy is a Minnesota corporation headquartered in Minnesota, and

6  Plaintiffs Kaye and Lamoree reside outside this District and their claims have *no connection whatsoever*

7  to this District, and thus this Court lacks personal jurisdiction as to their claims, their claims should be

8  transferred to the District of Minnesota pursuant to 28 U.S.C. § 1406(a). Given that the only forum where

9  all Plaintiffs can litigate their claims together is Minnesota—which is also the forum most convenient for

10  witnesses and the parties—transferring the entire action "is warranted under the circumstances."

11  *LaGuardia v. Designer Brands, Inc.*, 2020 WL 2463385, at *9 (S.D. Cal. May 7, 2020).

12      Accordingly, the Court should transfer this action to the District of Minnesota.

13                                **BACKGROUND**

14      Best Buy is a national retail and online sales business specializing in consumer electronics,

15  computing and mobile phones, appliances, entertainment hardware and software, and services, among

16  other categories. (*See* Thoreson Decl. ¶ 4.)[3]

17      Plaintiffs aver in their First Amended Complaint ("FAC") that Best Buy falsely advertised

18  discounts on its (1) in-store price placards, (2) online product listing pages, and (3) online shopping cart

19  webpages (the "Challenged Advertising"). (FAC ¶¶ 22, 50–51.) Plaintiffs further allege Best Buy, since

20  February 2023, has engaged in a uniform and ongoing false advertising scheme related to the Challenged

21  Advertising for major appliances sold in stores and on Best Buy's website. (*Id.* ¶¶ 1–3, 20–21, 53–54.)

22  Specifically, Plaintiffs allege Best Buy advertised discounts based on inflated reference prices—labeled

23  as "Was," "Reg," or "Original"—and displayed "Save" dollar amounts beside those prices, even though

24  the products were rarely, if ever, offered at those reference prices. (*Id.* ¶¶ 3, 5, 8, 21, 30–32, 52, 77–80.)

25  They further allege these reference prices appear alongside time-limited promotions such as "Offer ends

26  [mm/dd]," despite the same sale prices allegedly continuing after the stated expiration date. (*Id.* ¶¶ 4, 8,

27  _____

   [3]      "Courts may consider facts outside the pleadings when ruling on motions to transfer brought under
28  28 U.S.C. § 1404," *Howards v. Fifth Third Bank*, 2018 WL 7890667, at *1 n.1 (C.D. Cal. Dec. 7, 2018),
   or "[w]hen considering the validity of a forum selection clause," *S & J Rentals, Inc. v. Hilti, Inc.*, 2017
   WL 1153042, at *2 (E.D. Cal. Mar. 28, 2017).

32, 35, 38, 56, 101.) In January 2025, Plaintiffs also allege Best Buy replaced the "Was," "Reg," and "Original" labels with "Comp. Value" across both its in-store and online listings, but left the underlying prices and discounts unchanged, thereby continuing the same allegedly deceptive practices. (*Id.* ¶¶ 6–9, 24–34, 50, 56–57.) Based on their allegations, Plaintiffs assert claims under California's Consumers Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and Unfair Competition Law ("UCL") on behalf of themselves and a class "of persons, who *while in California*" allegedly "purchased from Best Buy one or more Products advertised with a discount on or after February 2, 2023." (*Id.* ¶¶ 10, 151 (emphasis added).)

Plaintiff Kaye alleges she resides in the Central District of California (Chatsworth, California) and purchased an LG washer and dryer from Best Buy's Chatsworth store. (*Id.* ¶¶ 111–117.) Plaintiff Lamoree alleges he resides in the Southern District of California (Encinitas, California), where he visited and purchased an LG washer from Best Buy's website. (*Id.* ¶¶ 132–138.) Only the Porchias reside in this District, where they browsed and purchased a Maytag washer and Maytag dryer on Best Buy's website, and after canceling the online order, in person at Best Buy's Pinole, California store. (*Id.* ¶¶ 87–101.)

The named defendant, Best Buy Co., Inc., is a Minnesota corporation with its headquarters in Hennepin County, Minnesota. (Thoreson Decl. ¶ 4.) Best Buy's subsidiaries, Best Buy Stores L.P. and BestBuy.com, LLC, operate Best Buy's retail locations and website, respectively. (*Id.* ¶ 5.) Both are based in the same headquarters as Best Buy. (*Id.*)

Best Buy's decisions about the design and content of its Challenged Advertising are made in Hennepin County at Best Buy's headquarters. (Stutzman Decl. ¶¶ 5, 9–12.) Specifically, Best Buy has identified current employees with knowledge of Best Buy's policies and practices regarding (i) in-store and online pricing and (ii) advertising, including sales and discounts. (*Id.* ¶¶ 9–11.) These current employees include managers and employees on the competitive pricing and category teams, as well as the marketing and technology teams. (*Id.*) All of these witnesses work out of Best Buy's Minnesota headquarters. (*Id.*) Moreover, former Best Buy employees with historical knowledge of Best Buy's policies and practices regarding pricing are also located in Minnesota and are not parties to this action. (*Id.* ¶ 13.) No current or former employees likely to have such knowledge reside in California. (*Id.* ¶ 14.)

1  Moreover, all relevant physical and electronic business records are maintained in Minnesota, none in

2  California. (*Id*. ¶ 15.)

3       Plaintiffs do not allege that the Challenged Advertising is unique to California. On the contrary,

4  they allege that their counsel visited Best Buy stores in California, Oregon, and Washington, compared

5  the advertising and prices in each store, and all were identical. (FAC ¶ 32.) Plaintiffs further claim Best

6  Buy's allegedly misleading in-store advertised discounts "were and continue to be identical in all of its

7  retail stores throughout the country." (*Id*. ¶¶ 32, 56.) Plaintiffs are correct that the design and content of

8  Best Buy's advertising, as well as discounts and sales, are largely consistent across the country. (Stutzman

9  Decl. ¶¶ 6–8.) Individual stores retain the discretion to further discount an item during an individual

10 customer transaction, such as to do a price match per Best Buy's Price Match Guarantee, but do not have

11 the ability to change the content of the Challenged Advertising, which is determined by employees based

12 out of Best Buy's headquarters in Richfield, Minnesota. (*Id*. ¶ 7.)

13                                    **LEGAL STANDARDS**

14      A district court can transfer any civil action "[f]or the convenience of parties and witnesses, in the

15 interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C.

16 § 1404(a). The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect

17 litigants, witnesses and the public against unnecessary inconvenience and expense[s]." *Trueforce Glob.*

18 *Servs., Inc. v. TruEffect, Inc.*, 2020 WL 11231812, at *4 (N.D. Cal. June 1, 2020) (quoting *Van Dusen v.*

19 *Barrack*, 376 U.S. 612, 616 (1964)). "Section 1404(a) essentially is a codification of the common law

20 doctrine of forum non conveniens" with the important distinction that "the district court's discretion to

21 transfer under [Section] 1404(a) is broader than its discretion to dismiss for forum non conveniens."

22 *Hyundai Space & Aircraft Co. v. Boeing Co.*, 1999 WL 910131, at *3 (N.D. Cal. Oct. 12, 1999).

23      Courts adjudicating a motion to transfer under § 1404(a) employ a two-step analysis. *First*, the

24 court determines whether the transferee court was one in which "the action may have been brought

25 originally," meaning that it "must: (1) be able to exercise personal jurisdiction over the defendants, (2)

26 have subject matter jurisdiction over the claim, and (3) be a proper forum." *Albertson v. Monumental Life*

27 *Ins. Co.*, 2009 WL 3870301, at *2 (N.D. Cal. Nov. 16, 2009) (citing *Hoffman v. Blaski*, 363 U.S. 335,

28 343–44 (1960)).

1    *Second*, "the court must balance three factors: (1) convenience of the parties; (2) convenience of

2    the witnesses; and (3) the interests of justice." *Allegiance Healthcare Corp. v. London Int'l Grp., PLC*,

3    1998 WL 328624, at *2 (N.D. Cal. June 17, 1998) (citing *A.J. Indus., Inc. v. U.S. Dist. Ct. for Cent. Dist.*

4    *of Cal.*, 503 F.2d 384, 386–87 (9th Cir. 1974)). In evaluating the "interest of justice" factor, the court may

5    take into account a range of additional considerations, such as: "(1) the location where the relevant

6    agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3)

7    the plaintiff's choice of forum; (4) the respective parties' contacts with the forum, (5) the contacts relating

8    to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the

9    two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party

10   witnesses and (8) the ease of access to sources of proof." *Freeman v. Apple, Inc.*, 2023 WL 5110926, at

11   *2 (N.D. Cal. Aug. 9, 2023) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir.

12   2000)). Courts may also consider "any local interest in the controversy." *Walters v. Famous Transps.,*

13   *Inc.*, 488 F. Supp. 3d 930, 936 (N.D. Cal. 2020) (citation omitted). The court has "discretion to consider

14   motions to change venue based on an 'individualized, case-by-case consideration of convenience and

15   fairness'" and "no single factor is dispositive." *Park v. Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088,

16   1093 (N.D. Cal. 2013) (citation omitted) (transferring putative class action alleging violations of UCL and

17   CLRA, where convenience, evidence, and witness location favored transfer).

18        Moreover, when venue is improper within a district, the court "shall . . . if it be in the interest of

19   justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C.

20   § 1406(a); *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1181 (9th Cir. 2004)

21   (explaining that a defendant "for whom venue is improper may move for dismissal or transfer for improper

22   venue under 28 U.S.C. § 1406(a)"). Plaintiffs bear the burden of proving that venue is proper under Section

23   1391(b). *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Section

24   1391(b) provides that a civil action may be brought only in "(1) a judicial district in which any defendant

25   resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in

26   which a substantial part of the events or omissions *giving rise to the claim occurred* . . . ; or (3) if there is

27   no district in which an action may otherwise be brought . . . , any judicial district in which any defendant

28   is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Each

named Plaintiff must *independently* satisfy Section 1391(b)'s requirements as to his or her individual claims. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1191 (N.D. Cal. 2017) (dismissing two plaintiffs under the "rule in a proposed class action . . . that each named plaintiff must independently establish venue"), *aff'd*, 905 F.3d 1137 (9th Cir. 2018); *Sanchez Mora v. U.S. Customs & Border Prot.*, 2024 WL 5378335, at *6–7 (N.D. Cal. Nov. 4, 2024) (Thompson, J.) (holding two of six class action plaintiffs "cannot 'individually satisfy venue' as the FAC does not show they reside in the Northern District of California" and transferring the entire action to the District of Columbia (citation omitted)).

Here, because Plaintiffs Kaye and Lamoree cannot establish venue in this District is proper for resolution of their claims, their claims should be transferred to Minnesota pursuant to Section 1406 because this action "could have been brought" there. 28 U.S.C. § 1406(a). Indeed, because Minnesota is the *only* forum where all Plaintiffs' claims can be brought—and is also the forum most convenient for the parties and witnesses, as well as in the interest of justice under Section 1404—this action should be transferred to the District of Minnesota.

## <u>ARGUMENT</u>

Transfer is warranted here because, as the Eastern District of California recently held when transferring a putative consumer false advertising class action to the District of Minnesota—where, like Best Buy, the Target department store company is headquartered—"in a false advertising action, the heart of the matter lies where the marketing and manufacturing decisions were made, which is typically at the defendant's headquarters." *Navarro*, 2024 WL 4668049, at *6 (citation omitted) (citation modified).

## I.    THIS ACTION COULD HAVE BEEN BROUGHT IN THE DISTRICT OF <u>MINNESOTA, AND THEREFORE MAY BE TRANSFERRED TO THAT DISTRICT</u>

At the outset, the requirements for personal and subject matter jurisdiction and venue are met in the District of Minnesota, and Plaintiffs' putative class action "might have been brought" there. 28 U.S.C. § 1404(a). Best Buy is a Minnesota corporation with its principal place of business in Minnesota, so it is subject to personal jurisdiction there. The District of Minnesota has subject matter jurisdiction because Best Buy is located in Minnesota, Plaintiffs allege that they are citizens of California, and the amount in controversy exceeds $5,000,000, which provides subject matter jurisdiction under the Class Action Fairness Act. (*See* FAC ¶¶ 17–19.) Lastly, venue is also proper in the District of Minnesota because Best

1  Buy resides there and a substantial part of the events giving rise to this action occurred in the District of

2  Minnesota. The "substantial part of the events"—that is, the design and promulgation of the Challenged

3  Advertising on Best Buy's website and in-store price placards—occurred at Best Buy's headquarters in

4  Minnesota. (*See* Stutzman Decl. ¶¶ 5–11.) This satisfies the requirements for proper venue.

5

6  **II.    THE INTERESTS OF JUSTICE FAVOR TRANSFER HERE**

7  **A.    The Weight Given To Plaintiffs' Choice
       Of Forum Is Discounted In These Circumstances**

8       As a threshold matter, "the degree of deference" to a plaintiff's forum choice "is *substantially*

9  *diminished* in several circumstances, including where: (1) the plaintiff's venue choice is not its residence;

10  (2) the conduct giving rise to the claims occurred in a different forum; [and] (3) the plaintiff sues on behalf

11  of a putative class." *Park*, 964 F. Supp. 2d at 1094 (emphasis added) (transferring consumer class action

12  where, *inter alia*, "key decisions regarding advertising and labeling of the products" occurred in transferee

13  forum). That "deference . . . is further diminished 'if the moving party establishes one or more of the

14  following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no

15  particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the

16  plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the

17  forum.'" *Metz v. U.S. Life Co. in N.Y.C.*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) (citation omitted).

18       *First*, Plaintiffs have filed suit in a forum where only two of the four named Plaintiffs reside.

19  "[T]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the

20  plaintiff does not reside in the venue." *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001)

21  (citation omitted). Plaintiffs' choice of forum "is entitled to even less weight" where multiple named

22  plaintiffs do not reside in the District. *See Sanchez Mora*, 2024 WL 5378335, at *7 (giving plaintiffs'

23  choice of forum "even less weight" where "two of the six [p]laintiffs d[id] not reside in this District"); *see*

24  *also Hope v. Lunarlandowner.com, Inc.*, 2022 WL 597579, at *4 (E.D. Cal. Feb. 28, 2022) (the "degree

25  of deference granted to Plaintiffs' choice of forum must be reduced" where "only one out of three Plaintiffs

26  is a resident" of the forum District).

27       While Plaintiffs Leroy and Allegra Porchia reside in the Northern District of California (Antioch,

28  California), Plaintiff Kaye resides in the Central District of California (Chatsworth, in Los Angeles

7

County) and Plaintiff Lamoree resides in the Southern District of California (Encinitas, in San Diego County). (FAC ¶¶ 12–15.) Thus, Plaintiffs' choice of forum is entitled to significantly less deference.

*Second*, "the weight to be given the plaintiff's choice of forum is discounted where the action is a class action." *Metz*, 674 F. Supp. 2d at 1146; *see also Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual . . . represents a class, the named plaintiff's choice of forum is given less weight."). As noted above, *supra* at 3, Plaintiffs' proposed class definition is not confined to residents of California and Plaintiffs, and thus cannot contend this is a California-only class; the class by definition includes individuals in other states and will require consideration of other states' interests in protecting their citizens, as well as their laws that apply to the purported conduct at issue here. But even if Plaintiffs had crafted a solely California-wide class definition, "[s]everal courts have afforded less weight to the plaintiffs' choice of forum in similar statewide class action cases." *Brown v. Abercrombie & Fitch Co.*, 2014 WL 715082, at *4 (N.D. Cal. Feb. 14, 2014).

*Third*, the operative facts did not occur within the Northern District of California. The Ninth Circuit and its courts have long held that "[a]lthough great weight is generally accorded plaintiff's choice of forum," this choice is given "minimal consideration" when the "operative facts have not occurred within the forum." *Lou*, 834 F.2d at 739. While Plaintiffs chose to file their suit in the Northern District of California, "the crux of the present case lies not in California," but in the District of Minnesota, "where [the company] is headquartered and allegedly issued misrepresentations." *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013). As noted above, decisions involving the Challenged Advertising were made in Minnesota. *Burgess v. HP, Inc.*, 2017 WL 467845, at *6 (N.D. Cal. Feb. 3, 2017) (transferring action where "none of the decisionmaking" at the crux of the case took place in California).

*Fourth*, Plaintiffs' choice of forum deserves minimal deference overall because the Northern District of California has minimal interest in the parties or the subject matter. As noted above, Best Buy did not treat California's residents any differently from other state's residents regarding the Challenged Advertising. And California further has a diminished interest in the parties or subject matter here "because the case is a putative class action." *Van Meter v. Mondelez Int'l, Inc.*, 2025 WL 875391, at *2 (N.D. Cal. Mar. 18, 2025).

**B.    The "Local Interest" Factor Favors Transfer Because
The Action Concerns National Policies That Originated In Minnesota**

The "local interest" factor also favors transfer. Courts in this Circuit have held that where a plaintiff alleges nationwide consumer fraud, the local interest factor favors transfer to the defendant's headquarters. *See, e.g.*, *Greben v. Cinmar, LLC*, 2025 WL 1765916, at \*5 (C.D. Cal. May 30, 2025) ("The Court agrees with Defendants that this dispute is not localized to California and that Ohio has an interest in the resolution of this case based on the fact that there are likely Ohio class members, Defendants are Ohio corporations, and 'the locus of decision-making' central to this matter occurred in Ohio."); *Moreno v. Johnson & Johnson Consumer Inc.*, 2021 WL 12302429, at \*4 (C.D. Cal. Oct. 5, 2021) (California's "interest in its residents not being deceived by false advertising" is "not much different from the interest [of] all other states" and is outweighed by New Jersey's "additional interest in ensuring that corporations that reside and are headquartered there do not engage in false advertising. . . . And . . . the locus of the decision-making that is central to this case occurred in New Jersey.").

"Courts have noted that there is in fact a local interest of citizens in deciding matters pertaining to businesses that are headquartered in the state." *Lenk v. Semiconductor Component Indus., LLC*, 2021 WL 3616769, at \*4 (N.D. Cal. Aug. 16, 2021) (quoting *Walters*, 488 F. Supp. 3d at 941). And "misrepresentations and omissions . . . are deemed to occur in the district where they are transmitted or withheld, not where they are received." *Cohn v. Oppenheimerfunds, Inc.*, 2009 WL 3818365, at \*5 (S.D. Cal. Nov. 12, 2009) (quoting *In re Yahoo! Inc.*, 2008 WL 707405 (C.D. Cal. Mar. 10, 2008)). Although Best Buy "conduct[s] business in California," Minnesota "has an interest in deciding controversies involving businesses headquartered there." *See Yuen v. IDEXX Lab'ys, Inc.*, 2022 WL 22894430, at \*5 (N.D. Cal. Nov. 14, 2022). Certainly, "California has some interest in applying its consumer protection laws," but Minnesota (i) can do so, and (ii) has a greater interest "in regulating the conduct of a business based in that state and district." *Rabinowitz v. Samsung Elecs. Am., Inc.*, 2014 WL 5422576, at \*8 (N.D. Cal. Oct. 10, 2014); *Lewis v. Sw. Airlines Co.*, 2016 WL 3091998, at \*7 (N.D. Cal. June 2, 2016) ("Although California certainly has some interest in protecting the rights of its citizens," the home district has an interest "when the operative facts occurred in [that] forum[], and . . . this interest outweighs California's interest in cases involving its citizens."). And Minnesota "has a comparably greater interest

1    in effectuating its public policy against resident corporations allegedly engaging in fraud or unfair business

2    practice," as Plaintiffs have alleged here. *See Vasseur v. Johnson & Johnson Consumer, Inc.*, 2025 WL

3    576548, at \*2 (C.D. Cal. Feb. 12, 2025).

4        Further, California has no particular or unique local interest in Best Buy's alleged

5    misrepresentations. Plaintiffs' causes of action hinge on alleged misrepresentations on Best Buy's website

6    and on pricing placards in its retail locations. (*See, e.g.*, FAC ¶¶ 21–33.) Plaintiffs affirmatively allege the

7    Challenged Advertising is identical throughout the United States. (*Id.* ¶ 32; *see also* Stutzman Decl. ¶¶ 5–

8    8.) Further, Plaintiffs' counsel has indicated that he represents claimants from at least 39 states and the

9    District of Columbia—each asserting identical claims based on the same advertising practices alleged in

10   this case—seeking relief "on behalf of themselves, and . . . classes of similarly situated consumers who

11   reside in each of their respective states." (Stutzman Decl. ¶ 16, Ex. 1.) *Plaintiffs' counsel specifically*

12   *includes residents of Minnesota among those class members.* (*Id.*) That means that there is no particular

13   local interest here. *See, e.g.*, *Navarro*, 2024 WL 4668049, at \*6 ("The material allegations are based on a

14   set of Target products sold nationwide and alleged actions or omissions related to BPO products formation,

15   marketing, and sales, all of which have no particular tie to the Eastern District of California."). The only

16   state with a known, unique connection to the alleged facts is Minnesota, where Best Buy makes its

17   decisions about its online marketing and in-store price placards. (Stutzman Decl. ¶¶ 9–11.) That is where

18   the "heart of the matter lies." *Navarro*, 2024 WL 4668049, at \*6 (quoting *Meza v. Procter & Gamble Co.*,

19   2023 WL 3267861, at \*7 (C.D. Cal. Apr. 27, 2023)).

20       Moreover, because Plaintiffs' proposed class definition includes individuals who made purchases

21   "in California" (FAC ¶ 11) and therefore encompasses citizens of other states, California's interest is

22   further diminished because "a district judge in [Minnesota] can likely protect California's interests,"

23   particularly when the class may include Minnesota citizens who purchased from Best Buy while residing

24   in or visiting California. *See Adam v. Barone*, 2020 WL 4584182, at \*7 (N.D. Cal. Aug. 10, 2020).

25       In sum, because Plaintiffs assert claims of misconduct against a Minnesota business, including on

26   behalf of non-California citizens (and potentially on behalf of Minnesota residents), Minnesota has a

27   greater local interest in this case.

28

### C.   The Ease Of Access To Evidence And Relative Costs Of Litigation In The Two Forums Favor Transfer

Here, Plaintiffs cannot dispute that most of the relevant evidence will be found in the District of Minnesota, at Best Buy's headquarters. *See Sanchez v. Centene Corp.*, 2017 WL 11496768, at *2 (C.D. Cal. Mar. 1, 2017) ("The ease of access to sources of proof favors transfer because it appears that most of the relevant documents are in [defendant's] possession in the Eastern District of Missouri."); (*see also* Stutzman Decl. ¶¶ 9–15.)

Where, as here, "'the majority of the relevant witnesses and evidence is located' in [Minnesota], relative litigation costs are likely to be lower in [Minnesota], and [Minnesota] 'better facilitates ease of access to sources of proof.'" *Greben*, 2025 WL 1765916, at *5 (citation omitted). "This is so because 'litigation costs are reduced when venue is located near the most witnesses expected to testify' and— notwithstanding 'developments in electronic conveyance'—when the 'the venue is in the district in which most of the documentary evidence is stored.'" *Id.* (quoting *Park*, 964 F. Supp. 2d at 1095).

The *Navarro* court "agree[d] with Target that transferring this matter to the District of Minnesota will preserve time, energy, and money," based at least in part on "a concentration of witnesses and evidence in the District of Minnesota," the location of Target's headquarters. 2024 WL 4668049, at *8; *see also Meza*, 2023 WL 3267861, at *9 ("[R]elative litigation costs would be lower in Ohio because the majority of the relevant witnesses and evidence is located there or near there, and for similar reasons, Ohio better facilitates ease of access to sources of proof."). The same is true here.

### D.   The Parties' Contacts With The Forum Favor Transfer

Where "the gravamen of [the] case is whether [d]efendant made false and misleading statements in its advertising," and "a substantial portion of the most important contacts and conduct relating to the causes of action happened in [the transferee forum]," courts in this Circuit have found that this factor "weighs heavily in favor of transfer." *Moreno*, 2021 WL 12302429, at *3 (citation omitted); *see also Greben*, 2025 WL 1765916, at *4 ("[T]hat the Products were marketed and sold—and one was purchased by Plaintiff—in this district is 'less germane' to Plaintiff's claims than Defendants' contacts with Ohio, where the primary marketing decisions were actually made.").

1  This analysis is closely related to the question of whether the Northern District of California has a

2  local interest in this matter—and it does not. *See supra* at 8–10. "[C]ourts have reasoned that 'in a false

3  advertising action, the heart of the matter lies where the marketing and manufacturing decisions were

4  made, which is typically at Defendant's headquarters.'" *Meza*, 2023 WL 3267861, at *7 (citation omitted).

5  Plaintiffs may allege they suffered harm here "by apparently relying upon what [they] claim[] are

6  Defendant's misrepresentations. But there is nothing about [their] experience unique to this District, and

7  the nationwide class on whose behalf she files suit purportedly suffered the exact same harm in seemingly

8  every single district across the nation." *Id.*

9  Plaintiffs "contend[] that Defendant's misrepresentations were intended to induce reliance," which

10  means that "virtually all of the relevant acts or omissions transpired in [Minnesota], not California: that is

11  where . . . 'decisions regarding product packaging, labeling, marketing and regulatory compliance' all

12  took place." *Id.* (citation omitted); *see also Navarro*, 2024 WL 4668049, at *6 ("The material allegations

13  are based on a set of Target products sold nationwide and alleged actions or omissions related to BPO

14  products formation, marketing, and sales, all of which have no particular tie to the Eastern District of

15  California."); *Key v. Sprout Foods, Inc.*, 2021 WL 4061735, at *1 (N.D. Cal. Sept. 7, 2021) ("[T]he real

16  locus of this case is in New Jersey, where Sprout Foods' manufacturing and marketing decisions were

17  made."). Thus, this factor favors transfer.

18  **E.    The Court Congestion Factor Favors Transfer To Minnesota**

19  The court congestion factor favors transfer to the District of Minnesota. First, "[i]t is beyond

20  dispute that the docket of this Court"—i.e., the Northern District of California—"is heavily congested."

21  *Summa Res. Holdings LLC v. Carbon Energy Ltd.*, 2016 WL 2593868, at *7 (N.D. Cal. May 5, 2016).

22  This District is one of the busiest courts in the nation: there were 11,552 new case filings and 13,820 total

23  cases pending during the 12-month period ending March 31, 2025. (Russell Decl. ¶ 3, Ex. 2.) The District

24  of Minnesota is far less congested, with just 5,520 new case filings and 11,207 total cases pending over

25  the same period. (*Id.*) The median time from filing a civil action to disposition in the last year is 20.5

26  months in the Northern District of California, compared to 8.7 in the District of Minnesota. (*Id.*) The

27  median time to class certification in the District of Minnesota is 519 days, compared to 741 days in the

28  Northern District of California. (*Id.* ¶ 2, Ex. 1.) The District of Minnesota is also faster to reach summary

1  judgment in consumer protection cases (522 days versus 651 in the Northern District of California). (*Id.*)

2  Thus, this factor strongly favors transfer.

3        **F.**    **The Possibility Of Consolidation With Other Claims Slightly Favors Transfer**

4        In May, Plaintiffs' counsel filed a substantially identical lawsuit in the District of Oregon against

5  Best Buy. *See Whitt v. Best Buy Co.*, No. 3:25-cv-761 (D. Or.) (ECF No. 1). Best Buy is moving to transfer

6  that lawsuit to the District of Minnesota on similar grounds. Transfer may allow for better coordination

7  with that action, which involves substantially the same subject matter. Transfer would also reduce the

8  possibility of either party "benefitting by taking inconsistent positions and allow all disputes to be heard

9  by a judge who is familiar with the parties and their arguments." *Heartland Payment Sys., Inc. v. Verifone*

10  *Isr. Ltd.*, 2010 WL 1662478, at *5 (N.D. Cal. Apr. 22, 2010) (granting motion to transfer under Section

11  1404(a) where the two suits were filed so close together that the first-to-file rule was not dispositive).

12        **G.**    **Numerous Putative Class Members Are Bound By A Forum Selection Clause**

13            **Requiring Them To Resolve Disputes In The Minnesota Court**

14        The Section 1404 "calculus changes . . . when the parties' contract contains a valid forum-selection

15  clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Constr. Co. v.*

16  *U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (citation omitted). Where there is a valid and

17  applicable forum selection clause, "plaintiff's subsequent choice of forum merits no weight," and "a court

18  must deem all factors relating to the private interests of the parties . . . 'entirely in favor of the preselected

19  forum.'" *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087–88 (9th Cir. 2018) (quoting *Atl.*

20  *Marine*, 571 U.S. at 64). Under this standard, "a valid forum selection clause should be given controlling

21  weight in all but the most exceptional cases." *Aimone v. Investorflow LLC*, 2023 WL 3483287, at *3 (N.D.

22  Cal. May 15, 2023) (quoting *Atl. Marine*, 571 U.S. at 63).

23        Since January 28, 2025, Best Buy's Loyalty Terms and Website Terms have included a forum

24  selection clause stating that "the state and federal courts that encompass Hennepin County, Minnesota

25  shall have exclusive jurisdiction over any disputes . . . that are not subject to arbitration, that are opted out

26  of arbitration pursuant to these terms, or *over any action that seeks to enforce or challenge the*

27  *enforceability of the arbitration agreement or any provision of the arbitration agreement or these terms*."

28  Poplau Suppl. Decl. ¶ 4, Ex. L (capitalization altered for readability) (Loyalty Terms); Mattox Suppl.

Decl. ¶ 5, Ex. E (Website Terms). Best Buy's records indicate that Plaintiff Kaye is bound by the forum-selection clause due to her purchase history, as discussed in the concurrently filed Reply in Support of Petition to Compel Arbitration. (Reply MTCA at 7; Poplau Suppl. Decl. ¶¶ 4–6; Wang Suppl. Decl. ¶ 3.) There is no question, however, that *numerous* class members will in fact be bound by the January 2025 terms and required to litigate their claims in "state and federal courts" in Minnesota—i.e., the transferee court here. This also weighs in favor of transfer.

### H.   Courts In Minnesota Can Capably Apply California Law To Plaintiffs' Claims

A Minnesota federal court can apply California law to Plaintiffs' claims if required.[4] Courts regularly note that "it is routine for federal courts to analyze and apply the laws of diverse states." *Saunders v. USAA Life Ins. Co.*, 71 F. Supp. 3d 1058, 1061 (N.D. Cal. 2014); *Atl. Marine*, 571 U.S. at 67 ("[F]ederal judges routinely apply the law of a State other than the State in which they sit.").

Minnesota courts can and routinely do adjudicate claims under the same three California statutes invoked by Plaintiffs here. *See, e.g.*, *Boyd*, 750 F. Supp. 3d at 1020 (analyzing the same three statutes asserted here and finding class action plaintiffs stated a claim under certain such claims). Plaintiffs cannot identify any "exceptionally arcane features" of California's consumer protection statutes "that are likely to defy comprehension by a federal judge sitting in" Minnesota. *Atl. Marine*, 571 U.S. at 68. As such, "the forum state's familiarity with California law is a neutral factor in a [Section] 1404(a) transfer analysis." *Kitzler v. Nelnet Servicing, LLC*, 2022 WL 18284983, at *3 (C.D. Cal. Nov. 1, 2022); *see also Montenegro v. Johnson & Johnson Consumer, Inc.*, 2024 WL 4720925, at *6 (C.D. Cal. Sept. 16, 2024) (holding that familiarity factor "militates negligibly against transfer" where plaintiff alleged California law claims because federal transferee court was "capable of applying California law"). Further, if "there was a complex issue that required resolution of a novel issue of California law, the [Eighth] Circuit is capable of certifying a question to the California Supreme Court just as the Ninth Circuit can so do." *Walters*, 488 F. Supp. 3d at 940.

Here, none of Plaintiffs' causes of action is particularly complex or difficult to adjudicate. Minnesota courts are familiar with the claims asserted here: they have analyzed and applied these claims, and Minnesota itself has a number of similar consumer protection laws that provide a civil cause of action.

---

[4]   The Loyalty Terms and Website Terms include a Minnesota choice-of-law provision. (*See* Poplau Suppl. Decl. ¶ 3, Ex. L; Mattox Suppl. Decl. ¶ 5, Ex. E.) Best Buy reserves the right to argue that Minnesota law should apply.

1    *See* Minn. Stat. § 325F.67 (Minnesota's False Statement in Advertising Act, which prohibits, among other

2    things, "untrue, deceptive, or misleading" statements in price tags, advertisements, and other public

3    materials); Minn. Stat. §§ 325F.68–325F.70 (Minnesota Prevention of Consumer Fraud Act (CFA), which

4    prohibits the use of fraud, false pretense, false promise, misrepresentation, misleading statements, or

5    deceptive practices in connection with the sale of merchandise); Minn. Stat. §§ 325D.43–325D.48

6    (Minnesota's Uniform Deceptive Trade Practices Act).

7          In sum, the interests of justice weigh in favor of transfer here.

8    **III.    THE CONVENIENCE FACTORS ALSO STRONGLY FAVOR TRANSFER**

9          Courts in the Ninth Circuit routinely find the convenience of the parties and witnesses weigh in

10   favor of transfer when "the heart of the matter lies" in the transferee district where the decisions relevant

11   to the plaintiff's claims were made. *Meza*, 2023 WL 3267861, at *7. Where the plaintiff alleges consumer

12   claims challenging the marketing of a product, "the 'heart' of this dispute is anchored" at the

13   "[d]efendant's headquarters." *Id.* at *10; *see also Moreno*, 2021 WL 12302429, at *2 (finding convenience

14   of parties and witnesses favored transfer to New Jersey where the "key decision makers and people with

15   personal knowledge regarding" challenged marketing of product were based in New Jersey and Florida

16   "and none of [d]efendant's employees who had responsibility for the products are based in California").

17         "The relative convenience to the witnesses is often recognized as the most important factor to be

18   considered in ruling on a motion under § 1404(a)." *Metz*, 674 F. Supp. 2d at 1147–48 (quoting *Saleh v.*

19   *Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005)) (finding that because defendant "did not have

20   any employees or documents in California" and "most if not all of the witnesses who will testify in this

21   matter, with the sole exception of the named Plaintiff, are located in the New York area," convenience of

22   the witnesses favored transfer to the Southern District of New York). "[T]he court must look at who the

23   witnesses are, the nature of what the testimony will be, and why such testimony is relevant or necessary."

24   *Estrella v. Freedom Fin. Network, LLC*, 2009 WL 10678991, at *3 (C.D. Cal. July 9, 2009) ("[W]hen the

25   allegations in a case focus on [d]efendants' conduct, the convenience of witnesses favors transfer.").

26   Although "courts often give[] more weight to the convenience of third-party witnesses than party

27   witnesses" like employees, if the vast majority of the witnesses are employees, this factor still favors

28   transfer. *Romoff v. Johnson & Johnson Consumer Inc.*, 2022 WL 3905301, at *4 (S.D. Cal. Aug. 26,

1    2022).

2    Further, courts should favor transfer when a transferee forum has subpoena power over a greater

3    number of third-party witnesses. A court may subpoena a witness to attend trial only (a) "within 100 miles

4    of where the person resides, is employed, or regularly transacts business in person"; or (b) "within the

5    state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a

6    party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

7    Fed. R. Civ. P. 45(c)(1).

8    **A.    <u>The Convenience Of The Parties And Party Witnesses Warrant Transfer</u>**

9    Courts regularly find that the convenience of the parties and witnesses weighs in favor of transfer

10   where the operative facts took place in the transferee forum. *See, e.g.*, *Sandys v. Willard*, 2021 WL

11   1091919, at *7 (N.D. Cal. Mar. 22, 2021) (transferring to Eastern District of Virginia where "core of

12   plaintiffs' . . . claims" rested on decision made by defendant's personnel in Virginia); *Greben*, 2025 WL

13   1765916, at *6 (transferring consumer fraud class action because "'heart of the matter' lies where the

14   online marketing decisions were made, which is at Defendants' headquarters in" Ohio).

15   Plaintiffs may respond that they too are party witnesses, but as part of this analysis, courts

16   "consider 'not only the number of witnesses located in the respective districts, but also *the nature and*

17   *quality of their testimony.*'" *BioSpyder Techs., Inc. v. HTG Molecular Diagnostics, Inc.*, 2021 WL 242866,

18   at *3 (N.D. Cal. Jan. 25, 2021) (emphasis added) (quoting *Nanografix Corp. v. Pollard Banknote Ltd.*,

19   2019 WL 2240439, at *6 (C.D. Cal. Feb. 28, 2019)). Plaintiffs' allegations primarily concern the actions

20   of Best Buy employees based out of its headquarters in Minnesota. (Stutzman Decl. ¶¶ 7–11.) These

21   employees "with knowledge relevant to the case, who may serve as trial witnesses, are located in"

22   Minnesota, *Bride v. Snap Inc.*, 2021 WL 3493662, at *2 (N.D. Cal. Aug. 9, 2021), and it will be highly

23   costly and disruptive for both Best Buy and those individuals if forced to travel to this District to testify

24   in this action. (Stutzman Decl. ¶ 12.)

25   Plaintiffs' testimony, by contrast, is unlikely to shed much light on the issues in this case.

26   Plaintiffs' roles are ultimately "likely to be minimal" in any class action suit. *Lopez v. BeavEx, Inc.*, 2015

27   WL 2437907, at *2 (N.D. Cal. May 20, 2015). As such, Plaintiffs' convenience is "accorded less weight"

28   in the analysis. *Mina v. Red Robin Int'l, Inc.*, 2020 WL 4037163, at *3 (C.D. Cal. Mar. 3, 2020); *Moreno*,

1    2021 WL 12302429, at *2 ("[T]he trial testimony of Defendant's employees about the Products is more

2    important to the adjudication of this consumer class action than the testimony of the named Plaintiff.").

3    Indeed, courts in this Circuit routinely find convenience factors weigh in favor of transfer in

4    misrepresentation class actions where, as here, "[a]lthough [p]laintiff would have some role in a trial, it

5    would not be nearly as significant as that of Defendant [and] its executives." *Jovel v. i-Health, Inc.*, 2012

6    WL 5470057, at *3 (C.D. Cal. Nov. 8, 2012). As the *Jovel* court observed, "it is not clear to the court what

7    [p]laintiff would testify about beyond the fact of her purchase, since the gravamen of the [c]omplaint is

8    the falsity of the claims . . . which would not be a subject of [p]laintiff's testimony." *Id.* The *Jovel* court

9    held the party convenience factor weighed in favor of transfer because "[p]laintiff's testimony would

10    appear to be far less central to the case than the testimony of [defendant's] executive and scientific teams."

11    *Id.* at *5. Ultimately, Minnesota is a more convenient location for the bulk of the party witnesses.

12    (Stutzman Decl. ¶¶ 9–14.)

13          It is unlikely that any class members besides Plaintiffs would be called to testify, given the

14    allegations in the Complaint focus entirely on Best Buy's conduct. *See Lopez*, 2015 WL 2437907, at *2.

15    Further, Plaintiffs' class likely includes former California residents who reside in Minnesota, who could

16    also be called to testify, and "any as-yet-unknown named plaintiffs [in the class] could reside in any state

17    and thus *dilute* the convenience of this California forum to [p]laintiffs." *Moreno*, 2021 WL 12302429, at

18    *2. The convenience of the witnesses thus weighs in favor of transfer.

19        **B.**    **The Convenience Of Third-Party Witnesses And**

20                 **<u>The Availability Of Compulsory Process Strongly Favor Transfer</u>**

21          Plaintiffs' Complaint also implicates non-party witnesses. Specifically, former Best Buy

22    employees must be considered under the compulsory process/non-party witness factor. *See, e.g.*, *Saleh*,

23    361 F. Supp. 2d at 1165–66; *see also In re HP Inc.*, 2018 WL 4692486, at *3 n.1 (Fed. Cir. Sept. 25, 2018)

24    ("[W]hen there is no indication that a non-party witness is willing, the witness is presumed to be unwilling

25    and considered under the compulsory process factor.").

26          Here, former Best Buy employee non-party witnesses reside in Minnesota, and will be

27    inconvenienced if forced to fly to California for testimony. (*See* Stutzman Decl. ¶¶ 13–14); *see also*

28    *Rabinowitz*, 2014 WL 5422576, at *5–6 (because "former employees likely remain in the vicinity" of the

locations where they once worked, transfer "would be more convenient for both party and non-party witnesses"); *Bussen v. WestPark Cap. Fin. Servs., LLC*, 2014 WL 11512591, at *5 (C.D. Cal. Dec. 4, 2014) (granting transfer at least in part because key witnesses were beyond the court's power to subpoena). There is no doubt that San Francisco is an inconvenient and expensive forum for witnesses who do not live here. *SVV Tech. Innovations, Inc. v. Acer Inc.*, 2023 WL 2764765, at *5 (W.D. Tex. Apr. 3, 2023) (crediting assertions "that the cost of holding a trial in the NDCA is far more expensive for every traveling witness . . . a Bloomberg article report[ed] that San Francisco is 'the world's most expensive place for visitors to spend the night'" (citation omitted)).

Best Buy is not aware of a single non-party witness with relevant information within this Court's subpoena power. Although some of the alleged purchases occurred in a brick-and-mortar store within the Court's subpoena power, the employees of those stores are not likely to have relevant or responsive information because they have no ability to determine or change the content of the Challenged Advertising. (*See* Stutzman Decl. ¶¶ 6–7.) The Challenged Advertising, rather, is principally designed in and disseminated from Best Buy's headquarters in Minnesota. (*See id.* ¶¶ 5–11.) These factors strongly favor transfer to the District of Minnesota.

## IV.  BECAUSE THE CLAIMS ASSERTED BY PLAINTIFFS KAYE AND LAMOREE DO NOT BELONG IN THIS VENUE, AND MINNESOTA IS THE ONLY FORUM WHERE ALL PLAINTIFFS' CLAIMS CAN BE LITIGATED, THE ACTION SHOULD BE <u>TRANSFERRED</u>

As shown, "[o]nce a defendant challenges venue, the plaintiff has the burden of demonstrating that venue is proper in the chosen district." *In re Nissan N. Am., Inc. Litig.*, 2019 WL 4601557, at *3 (N.D. Cal. Sept. 23, 2019). Moreover, each named Plaintiff must independently satisfy § 1391(b)'s requirements as to his or her individual claims. *Supra* at 5–6. When venue is improper within a district, a defendant may move for outright dismissal or for transfer of the action under § 1406(a). *See Action Embroidery*, 368 F.3d at 1181. And "when venue is proper with respect to some, but not all, parties, district courts have discretion *to transfer the entire case to a proper venue.*" *Sanchez Mora*, 2024 WL 5378335, at *7 (emphasis added).

Here, because Plaintiffs Kaye and Lamoree cannot establish that their claims belong in this District, Minnesota is the only forum where all Plaintiffs can litigate their claims, and Minnesota is the most convenient forum for parties and witnesses, the entire action should be transferred to Minnesota.

### A.    Venue Does Not Lie In This District Under Section 1391(b)(1)

For purposes of § 1391(b)(1), "[a] corporate defendant 'resides' in the [Northern] District of California if, treating this District as a separate state, the defendant would be subject to personal jurisdiction here." *LaGuardia*, 2020 WL 2463385, at *3 (quoting *Johnson v. Law*, 19 F. Supp. 3d 1004, 1008 (S.D. Cal. 2014)). "In analyzing venue, it is not enough for Plaintiffs to prove" Best Buy is "subject to personal jurisdiction in California as a whole." *Id.*

To exercise general jurisdiction over Best Buy, its contacts with California must be so "'continuous and systematic' as to render it essentially at home" here. *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). For a corporate defendant, that means either the state of incorporation or its principal place of business. *Id.* at 137. "To hold [Best Buy] subject to general jurisdiction simply because they operate stores within the state of California and target consumers in California is hardly an exceptional case, or one demonstrating the continuous and systematic contact the Supreme Court had in mind." *LaGuardia*, 2020 WL 2463385, at *4 (finding no general jurisdiction over defendant retailer with "48 brick-and-mortar locations within the state of California" because defendant's "state of incorporation and principal place of business is Columbus, Ohio"). Here, as shown, Best Buy is a Minnesota corporation headquartered in Minnesota. (Thoreson Decl. ¶ 4.) Thus, this Court does not have general jurisdiction over Best Buy.

Specific jurisdiction arises where (1) the defendant has performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business in California; (2) the plaintiff's claims *arise out of or result from the defendant's forum-related activities*; and (3) the exercise of jurisdiction is reasonable. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)). "[I]t is the named plaintiff's claim that 'must arise out of or result from the defendant's forum-related activities,' not the claims of the unnamed members of the proposed class . . . ." *Ambriz v. Coca Cola Co.*, 2014 WL 296159, at *6 (N.D. Cal. Jan. 27, 2014) (citation omitted).

In an action asserting claims of misrepresentation and omission based on "non-disclosure of [a] braking defect," a court in this District rejected plaintiffs' argument that "the mere presence of a research facility in this district . . . establishes that [d]efendants have any connection to this forum that would make

1   it reasonable to hale [d]efendants into court here for claims *related to the advertising and sale of vehicles*

2   *outside this forum*." *Nissan*, 2019 WL 4601557, at *5 (emphasis added).

3   Plaintiffs Kaye and Lamoree's claims likewise have *no connection whatsoever* to this District. As

4   shown, Plaintiffs Kaye and Lamoree allege they reside in the Central and Southern Districts, respectively,

5   where they shopped and made their purchases. *Supra* at 3 (citing FAC ¶¶ 111–117, 132–138). That the

6   Porchia Plaintiffs allegedly shopped "while in this District does not negate [Kaye and Lamoree's]

7   independent need to connect their claims to this District." *LaGuardia*, 2020 WL 2463385, at *5.

8   Because Plaintiffs "have not identified any link between this forum and [Kaye and Lamoree's]

9   claims, *as those Plaintiffs did not purchase [anything] in this forum*," they "have not carried their burden

10  of demonstrating that the nonresidents' claims arise out of [Best Buy's] activities in this district." *Nissan*,

11  2019 WL 4601557, at *5–6 (emphasis added). Thus, there is no basis to exercise personal jurisdiction

12  over Best Buy and this Court can find "venue does not lie here under § 1391(b)(1)" as to Plaintiffs Kaye

13  and Lamoree's claims. *Id*. at *6.

14  ### B.   Venue Does Not Lie Under §§ 1391(b)(2) Or 1391(b)(3)

15  Plaintiffs cannot establish venue is proper here pursuant to § 1391(b)(2), which permits actions to

16  be filed in "a judicial district in which a substantial part of the events or omissions giving rise to the claim

17  occurred." 28 U.S.C. § 1391(b)(2). Because Kaye and Lamoree's alleged shopping activities occurred

18  outside this District, and "[t]he claims of [the Porchia] Plaintiff[s] are irrelevant to the venue

19  determination," venue is not proper here. *LaGuardia*, 2020 WL 2463385, at *5; *see also Nissan*, 2019

20  WL 4601557, at *6 (holding venue did not lie under § 1391(b)(2) as to non-resident plaintiffs where there

21  was no "showing that [d]efendants engaged in any advertising or marketing-related activities *in this forum*

22  that caused the nonresident Plaintiffs to [make] purchase[s] . . . in their respective" districts (emphasis

23  added)).

24  Moreover, venue under § 1391(b)(3) may be invoked only where "there is no district in which an

25  action may otherwise be brought." 28 U.S.C. § 1391(b)(3). This action may be brought, and indeed should

26  have been brought, in the District of Minnesota, where Best Buy has its corporate headquarters. (FAC

27  ¶ 16; Thoreson Decl. ¶ 4.) Thus, it follows that venue also does not lie in this District under § 1391(b)(3).

28  *See Nissan*, 2019 WL 4601557, at *6 (holding where defendant "is a resident of the Middle District of

1  Tennessee, its principal place of business," Section 1391(b)(3) "does not apply").

2        **C.**      <u>**The Court Should Transfer This Action To The District Of Minnesota**</u>

3        Because venue is improper within this District, this Court "shall dismiss, or if it be in the interest

4  of justice, transfer [this] case to any district or division in which it could have been brought." 28 U.S.C.

5  § 1406(a). As noted, because "venue is proper with respect to some, but not all, parties" this Court has

6  "discretion to transfer the entire case to a proper venue." *Sanchez Mora*, 2024 WL 5378335, at *7

7  (Thompson, J.). Indeed, the Ninth Circuit has repeatedly confirmed that "normally transfer will be in the

8  interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-

9  consuming and justice-defeating.'" *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996

10  (9th Cir. 2015) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990)) (transfer under 28 U.S.C.

11  § 1631); *see also LaGuardia*, 2020 WL 2463385, at *6, *9 (severing and transferring non-resident

12  plaintiffs' claims to district where defendant was headquartered, "in the interests of justice and [to] cure[]

13  the defect in venue" pursuant to 28 U.S.C. § 1406(a), and then transferring resident plaintiff's claim

14  pursuant to 28 U.S.C. § 1404(a)); *Nissan*, 2019 WL 4601557, at *7 (same, transferring entire putative

15  class action to district encompassing defendant's headquarters in Tennessee, where only one named

16  plaintiff could establish venue in this District).

17        In *Sanchez Mora*, this Court transferred the claims of two non-resident plaintiffs in a class action

18  to the District of Columbia where their claims could have been brought. 2024 WL 5378335, at *7. This

19  Court further concluded that although the four remaining plaintiffs resided in this District, transfer of the

20  entire case under Section 1404 was warranted, particularly because "[a]bsent transfer of [the resident

21  plaintiffs'] claims to the District of Columbia, this case will proceed simultaneously in two different

22  forums because Plaintiffs' claims cannot be consolidated in the Northern District of California" and

23  "[t]ransferring some, but not all, of the Plaintiffs' claims to the District of Columbia would pose significant

24  concerns for judicial economy and would risk inconsistent judicial outcomes." *Id.* at *7–8.

25        Here, as shown, the interest of justice will likewise be best served by transfer to the District of

26  Minnesota. *Supra* § II. Because "there is no basis for [Plaintiffs Kaye and Lamoree] to pursue their . . .

27  claims in the Northern District of California" and the Section 1404 factors are satisfied as to all Plaintiffs,

28

transfer of the entire action to the District of Minnesota is warranted. *Sanchez Mora*, 2024 WL 5378335, at *7–8.

## **CONCLUSION**

Best Buy respectfully requests that the Court grant this Motion and transfer this action to the United States District Court for the District of Minnesota.

DATED: July 14, 2025                   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP


                                        */s/ Jason D. Russell*
                                        _____

                                        JASON D. RUSSELL
                                        *Attorney for Defendant Best Buy Co., Inc.*